## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-253-J |
| | ) | |
| TRAVIS WAYNE LESTER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

The Court has received a letter from Defendant requesting a copy of his Presentence Investigation Report (PSR) pursuant to the Freedom of Information Act. [Doc. No. 96]. The request is DENIED.

"A [PSR] is prepared exclusively at the discretion of and for the benefit of the court[,]" and it "is essential that the confidentiality of such a report be protected to insure the free flow of information." *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir. 1976). Moreover, a PSR "does not fall within the Freedom of Information Act" because it is not "agency information." *Id.* And "it is not a violation of due process to deny a defendant's request to see the [PSR]." *United States v. Stidham*, 459 F.2d 297, 299 (10th Cir. 1972); *see also Johnson v. Franklin*, No. CIV-06-0195-HE, 2007 WL 2028957, at *7 (W.D. Okla. July 10, 2007).

Defendant does not provide any legitimate reason he needs his PSR[1] and he is incarcerated, thus increasing the risk that the document could fall into the possession of third parties. *See United States v. Lopez*, No. 2:14-CR-2868 RB, 2015 WL 13662800, at *1 (D.N.M. Apr. 29, 2015). Indeed, the Court notes that if Defendant were housed in a Bureau of Prisons' facility, he would

---

[1] Defendant was resentenced on September 26, 2023, and his time for appeal has long expired.

be prohibited from possessing a copy of the PSR. *See id.* For these reasons, the Court DENIES

Defendant's request. *See id.* (denying pre-trial detainee's request to have a copy of the PSR while

in county jail).

IT IS SO ORDERED this 28th day of February, 2024.

_____

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE